# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | |
|---|---|
| STATE AUTO PROPERTY AND CASUALTY INSURANCE COMPANY, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 21-3219 ) |
| GAZMEND RUSHITI, HEATHER ROTHERT, Individually and as Parent and Next Friend of OLIVER ROTHERT, a Minor and HENRY ROTHERT, a minor, and ADAM ROTHERT, Individually and as Parent and next Friend of OLIVER ROTHERT, A Minor, and HENRY ROTHERT, a Minor, | ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

## OPINION AND ORDER

**SUE E. MYERSCOUGH, U.S. DISTRICT JUDGE:**

Before the Court is Plaintiff State Auto Property and Casualty Insurance Company's ("State Auto") Motion for Summary Judgment and Default Judgment (d/e 13). Defendants have not presented any reasonable justification for failing to comply with the terms of the insurance policy entered into between Defendant Gazmend Rushiti ("Rushiti") and State Auto. Therefore, State Auto's Motion (d/e 13) is GRANTED.

## I. BACKGROUND

The Court draws the following facts from the parties' Local Rule 7.1(D)(1)(b) and (2)(b) statements of undisputed material facts. The Court discusses any material factual disputes in its analysis. Immaterial facts or factual disputes are omitted. Any fact submitted not supported by a citation to evidence will not be considered by the Court. Civil LR 7.1(D)(1)(b) & (2)(b)(2). Any fact response that is unsupported by evidentiary documentation is deemed admitted. Id.

**a. Facts**

   **i. The parties and the Policy.**

State Auto is an Iowa insurance corporation doing business in Illinois. Defendants Heather Rothert and Adam Rothert, individually and on behalf of their minor children, Oliver and Henry Rothert ("Nominal Defendants"), are residents of the State of Illinois and are plaintiffs in a separate suit brought against Defendant Gazmed Rushiti in the Circuit Court of the Seventh Judicial Circuit, Sangamon County, Illinois. Defendant Rushiti is a resident of Petersburg, Illinois and the owner of property located at 14758 Old Route 54, New Berlin, Illinois.

On November 2, 2018, State Auto issued an insurance policy numbered BOP2867904-03 ("the Policy") to Defendant Rushiti with an effective period of December 14, 2018 to December 14, 2019. See generally Compl. Ex. A (d/e 1-1, 1-2, & 1-3).  The Policy provided Rushiti with both business owner's and commercial liability insurance covering the New Berlin property and a restaurant at that address called Cinco De Mayo Restaurant.[1]  Id. at pp. 18 & 23; Pl.'s Mem. (d/e 13-1) p. 2.  The Policy generally provided Rushiti coverage for "bodily injury" and/or "property damage" relating to that property.  Ex. A p. 119.

The Policy contained a Notice Provision imposing upon Rushiti certain duties in the event of an "occurrence" giving rise to a potential claim.  The Notice Provision of the Policy stated that "[Rushiti] must see to it that [State Auto is] notified as soon as practicable of an 'occurrence' or an offense which may result in a claim." Ex. A (d/e 1-3) p. 128.  The Notice Provision went on to state

> If a claim is made or a 'suit' is brought against any insured, [Rushiti] must: (1) Immediately

---

[1] While the parties do not specify either the owner of the restaurant or the nature of the arrangement between Rushiti and the restaurant owner, the parties do not dispute that the Policy covered the restaurant.  See generally Def.'s Resp. (d/e 16); Pl.'s Mem. (d/e 13-1).

> record the specifics of the claim or 'suit' and the date received; and (2) Notify [State Auto] as soon as practicable. [Rushiti] must see to it that [State Auto] receive[s] written notice of the claim or 'suit' as soon as practicable.

Id.

The Policy also contained a Liquor Liability Exception. Id. at p. 120. The Liquor Liability Exception provided that the insurance coverage would not apply to "'[b]odily injury' or 'property damage' for which [Rushiti] may be held liable by reason of . . . [a]ny statute . . . relating to the sale, gift, distribution or use of alcoholic beverages." Id. The Liquor Liability Exception also contained a limitation, which stated that the Exception "applies only if [Rushiti is] in the business of manufacturing, distributing, selling, serving, or furnishing alcoholic beverages." Id. The limitation to the exception further stated

> For purposes of this exclusion, permitting a person to bring alcoholic beverages on [Rushiti's] premises, for consumption on [Rushiti's] premises, whether or not a fee is charged or a license is required for such activity, is not by itself considered the business of selling, serving or furnishing alcoholic beverages.

Id.

> record the specifics of the claim or 'suit' and the date received; and (2) Notify [State Auto] as soon as practicable. [Rushiti] must see to it that [State Auto] receive[s] written notice of the claim or 'suit' as soon as practicable.

Id.

The Policy also contained a Liquor Liability Exception. Id. at p. 120. The Liquor Liability Exception provided that the insurance coverage would not apply to "'[b]odily injury' or 'property damage' for which [Rushiti] may be held liable by reason of . . . [a]ny statute . . . relating to the sale, gift, distribution or use of alcoholic beverages." Id. The Liquor Liability Exception also contained a limitation, which stated that the Exception "applies only if [Rushiti is] in the business of manufacturing, distributing, selling, serving, or furnishing alcoholic beverages." Id. The limitation to the exception further stated

> For purposes of this exclusion, permitting a person to bring alcoholic beverages on [Rushiti's] premises, for consumption on [Rushiti's] premises, whether or not a fee is charged or a license is required for such activity, is not by itself considered the business of selling, serving or furnishing alcoholic beverages.

Id.

### ii. The accident and Underlying Action.

On May 17, 2019, Heather Rothert, Oliver Rothert, and Henry Rothert were injured in a car accident when their car was struck by another vehicle. Pl.'s Mem. (d/e 13-1) p. 2. The vehicle which struck the Rothert's car was operated by Darin Boggs and/or Eric Ausmus, both of whom were allegedly intoxicated after consuming alcohol at the Cinco De Mayo Restaurant. Id.

The Rotherts sued Rushiti on December 6, 2019 in the Circuit Court of the Seventh Judicial Circuit, Sangamon County, Illinois in case number 19-L-265 ("Underlying Action"). Pl.'s Mem. (d/e 13-1) pp. 2–3. The Rotherts alleged five counts of violations of the Illinois Dram Shop Act, 235 ILCS 5/2-21. Id. p. 3. The Rotherts obtained service on Rushiti in the Underlying Action on December 13, 2019. Id. Rushiti provided notice to State Auto about the accident and Underlying Action on September 22, 2020. Id. State Auto has since been providing Rushiti a defense in the Underlying Action subject to a reservation of rights. Id.

### b. Procedural History

State Auto filed the present suit on October 12, 2021 seeking in three counts declaratory judgments that State Auto has no duty

to defend Rushiti in the Underlying Action. See Compl. (d/e 1). The Nominal Defendants, Defendants Heather Rothert and Adam Rothert, individually and on behalf of their minor children, Oliver and Henry Rothert, filed an Answer (d/e 8) on December 9, 2021. After Defendant Rushiti failed to file an answer in a timely fashion as required by Federal Rule of Civil Procedure 12, Magistrate Judge Tom Schanzle-Haskins entered an Order of Default against Rushiti on January 3, 2022. See Entry of Default (d/e 12). State Auto now moves for default judgment against Defendant Rushiti and summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure against the Nominal Defendants.

## II.   LEGAL STANDARD

Summary Judgment is proper under Rule 56 of the Federal Rules of Civil Procedure if the moving party shows, based on the materials in the record, "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) & (c); Hummel v. St. Joseph Cty Bd. of Comm'rs, 817 F.3d 1010, 1015–16 (7th Cir. 2016). "The moving party has the burden of either: (1) showing that there is an absence of evidence supporting an essential element of the non-moving

party's claim; or (2) presenting affirmative evidence that negates an essential element of the non-moving party's claim." Id. Under either approach, the facts and all reasonable inferences derived therefrom are viewed in the light most favorable to the non-moving party. Woodruff v. Mason, 542 F.3d 545, 550 (7th Cir. 2008). Any party "asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A). A moving party's statements of fact will be deemed undisputed when the responding party fails to respond or fails to respond with citation to the record. Curtis v. Costco Wholesale Corp., 807 F.3d 215, 218–219 (7th Cir. 2015) ("The non-moving party's failure to admit or deny facts as presented in the moving party's statement or to cite to any admissible evidence to support facts presented in response by the non-moving party render the facts presented by the moving party as undisputed.")

### III. ANALYSIS

State Auto's Complaint contains three counts for which it requests a declaratory judgment. Count I alleges that Rushiti breached the Notice Provision when he waited 16 months after the

Rotherts' accident to notify State Auto of the accident. Count II similarly alleges that Rushiti breached the Notice Provision when he waited to notify State Auto of the Underlying Action more than 9 months after being served with a summons in the case. Count III alleges that Rushiti is not entitled to coverage under the Policy because the Liquor Liability Exception applies to the Underlying Action.

**a. Defendant Rushiti did not comply with the Notice Provision.**

Notice provisions of insurance agreements, such as the one in this case, "are not merely technical requirements but, rather, conditions precedent to the triggering of the insurer's contractual duties." Zurich Ins. Co. v. Walsh Contr. Co. of Ill., Inc., 352 Ill.App.3d 504, 508 (1st Dist. 2004); West Am. Ins. Co. v. Yorkville Nat. Bank, 238 Ill.2d 177, 185 (Ill. 2010). "An insured's breach of a notice clause in an insurance policy by failing to give reasonable notice will defeat the right of the insured to recover under the policy." Id. at 184. While "the timeliness of an insured's notice to its insurer generally is a question of fact," when the material facts are undisputed, as they are here, "the reasonableness of notice to

an insurer by its insured is a question of law." Montgomery Ward & Co. v. Home Ins. Co., 324 Ill.App.3d 441, 448 (1st Dist. 2001).

Following Illinois law, the Court must "ascertain and give effect to the intentions of the parties as expressed in the policy language" when construing an insurance policy. Yorkville, 238 Ill.2d at 184 (citing Country Mut. Ins. Co. v. Livorsi Marine, Inc., 222 Ill.2d 303, 311 (Ill. 2006)).  Where the policy language is unambiguous, the language is given its "plain, ordinary, and popular meaning." Id.  Under Illinois law, notice provisions that require notice "as soon as practicable," as the Notice Provision does here, require notice "within a reasonable time." Yorkville, 238 Ill.2d at 187.

"Whether notice has been given within a reasonable time depends on the facts and circumstances of the case." Id. at 185. Illinois courts consider five factors to determine whether notice was given "within a reasonable time." Id. (citing Livorsi Marine, 222 Ill.2d at 311).  They are: "(1) the specific language of the policy's notice provision; (2) the insured's sophistication in commerce and insurance matters; (3) the insured's awareness of an event that may trigger insurance coverage; (4) the insured's diligence in

Page **9** of **18**

ascertaining whether policy coverage is available; and (5) prejudice to the insurer." Id. at 185–186 (citing Livorsi Marine, 222 Ill.2d at 313). These factors are viewed together and are not individually determinative. Farmers Auto Ins. Ass'n v. Burton, 967 N.E.2d 329, 334 (Ill. App. 4th Dist. 2012).

### i. The Policy language is neutral.

The language of the Notice Provision here is neutral. The Notice Provision states "[i]f a claim is made or a 'suit' is brought against any insured, [Rushiti] must . . . [n]otify [State Auto] as soon as practicable." Ex. A (d/e 1-3) p. 128. Defendants do not dispute that language is unambiguous and imposed upon Rushiti a duty to notify State Auto within a reasonable time of any potential claim or suit. Def.'s Resp. p. 7. And the language is identical to the notice provision the Illinois Supreme Court considered in Yorkville. 238 Ill.2d at 186 ("[the policy] requires Yorkville to 'see to it that [West American] receive written notice of the claim or 'suit' as soon as practicable'"). There, the Illinois Supreme Court stated that "the specific language in the Policy's notice provision does not aid in [the Court's] reasonableness analysis because [the Policy] does not identify a specific time frame for giving notice." Id. Like the "soon

as practicable" policy in Yorkville, the Notice Provision here is neutral.  Id.

### ii. Defendant Rushiti's sophistication weighs in favor of State Auto.

The parties do not dispute that Rushiti "is a commercial landlord for a restaurant that served alcohol," Pl.'s Mem. p. 11, and "required his tenants to carry liability coverage and continues to seek liability coverage for the motor vehicle crash involving the Rotherts."  Def.'s Resp. p. 7.  On the record here and as a commercial landlord, Rushiti is presumed to have at least a cursory knowledge of the policies applicable to his property and to understand the need to review his policies when given notice of a lawsuit.  Cf. Yorkville, 238 Ill.2d at 186 ("Yorkville is a bank presumed to be sophisticated in the areas of commerce and insurance.")  Indeed, the fact the Rushiti has been and continues to seek liability insurance coverage from State Auto indicates his own sophistication in insurance matters.  When these facts are read together, Rushiti's sophistication weighs in favor of State Auto.

### iii. Defendant Rushiti's awareness of the Underlying Action weighs in favor of State Auto.

The parties also do not dispute that Rushiti was served with the Underlying Action on December 9, 2019. Pl.'s Mem. pp. 11–12; Def.'s Resp. p. 7. Other courts have found that, where mere threats of legal action are made to an insured, the insured "[can] no longer reasonably believe that [the insured was] not any kind of target" for suit. Hartford Cas. Ins. Co. v. ContextMedia, Inc., 65 F.Supp.3d 570, 580 (N.D. Ill. 2014) (quoting West Bend Mut. Ins. Co. v. United Road Towing, 2008 WL 4442628, at *4 (N.D. Ill. Sept. 29, 2008)). Rushiti was not merely threatened with suit on December 9, 2019, he was informed that he was, in fact, being sued. Because Rushiti was served with the Underlying Action on December 9, 2019, it cannot reasonably be disputed that he was aware of the suit which triggered the Notice Provision. Accordingly, Rushiti's awareness of the event that triggered insurance coverage weighs in State Auto's favor.

### iv. Defendant Rushiti's lack of due diligence weighs in favor of State Auto.

The fourth factor is the insured's diligence in ascertaining whether policy coverage is available. This factor asks whether "a

reasonably prudent party in the position of the insured would not have continued to pursue coverage under the policy" given the steps the insured took to determine whether the applicable policy covered the event in question. Yorkville, 238 Ill.2d at 189.

Defendants argue that the 9-month delay between when Rushiti was served with the Underlying Action and when he notified State Auto should be excused because Rushiti "had a reasonable belief that he was protected by the Insurance policy obtained by his tenants." Def.'s Resp. (d/e 16) p. 9. Defendants rely heavily on Yorkville and the cases cited therein to support that argument. Id. pp. 7–9 (citing Yorkville, 238 Ill.2d at 187–188 (additional citation omitted)).

However, in Yorkville, the Illinois Supreme Court relied upon mitigating circumstances which are not present here to find that the insured there was reasonably diligent. Yorkville, 238 Ill.2d at 188. Once the insured in Yorkville learned of the underlying lawsuit in that case, the insured spoke with his insurance agent about the policy in question and whether the policy provided coverage for the suit. Id. When asked whether the policy covered the suit, the insurance agent replied, "Probably not." Id. And when

the insured in Yorkville did discover that advice was in error and the policy did cover the suit, the insured "promptly sent written notice to" the insurer. Id. at 188–189. As a result, the Yorkville Court found that the insured was reasonably diligent. Id.

These and similar mitigating circumstances were also present in the cases upon which the Yorkville Court relied. For example, in Allstate Insurance Company v. Carioto, the Illinois Appellate Court for the First District excused a two-and-a-half-year delay because the insured did not receive notice of the underlying action for the two-and-a-half-years in question. 194 Ill.App.3d 767, 780 (1st Dist. 1990).

Closer to the question in the present case, in Grasso v. Mid–Century Insurance Company, decided one year earlier, the Illinois Appellate Court for the First District excused a 2-year delay in notification. 181 Ill.App.3d 286 (1st Dist. 1989). The insured there had been in an auto accident in which she was driving another person's car who had his own insurance. Id. at 287–88. The insured notified the insurance provider for the vehicle she had been driving and was told by representatives of the provider that she was not to speak to anyone besides them about the accident. Id. at 289.

The insured fully complied with that directive and was never informed that her own insurance for her own vehicle would also be available to cover the damages from the accident. Id. The court in Grasso then excused the insured's delay in notification because of the mitigating circumstance in which she had "immediately notified the insurance carrier for the automobile she drove at the time of the accident and cooperated completely with its instructions." Id. at 290.

Lastly, in Brotherhood Mutual Insurance Company v. Roseth, decided one year before Grasso, the Illinois Appellate Court for the First District excused another 2-year delay where the insureds "had no reason to believe a claim would be filed against them . . . because of their close relationship" to the eventual opposing party in the underlying action who never mentioned possibly filing suit and because the insureds notified their insurer two days after being served a summons in the underlying lawsuit. 177 Ill.App.3d 443, 449 (1st Dist. 1988).

None of those mitigating factors are present here. Defendants present no evidence that Rushiti ever communicated with State Auto or Rushiti's insurance agent regarding whether the Policy

covered the Underlying Action.  Moreover, Defendants do not dispute that Rushiti did not communicate with State Auto at all until over 9 months after Rushiti was served with a summons in the Underlying Action when he sent notice to State Auto on September 22, 2020.  Pl.'s Mem. p. 3, see generally Def's Resp.

Defendants assert Rushiti's belief that he was protected by insurance policies held by his tenants as a reason for Rushiti's delay.  But Defendants do not support that reasoning with any documentary evidence, as is their burden at this stage.  That reasoning also is not a reasonable excuse for a 9-month delay between being served with a summons in the Underlying Action in which Rushiti, not his tenants, was being sued.  Indeed, delays in notice shorter than the 9-month delay here have been held unreasonable by Illinois courts.  Equity Gen. Ins. Co. v. Patis, 119 Ill.App.3d 232, 237–38 456 N.E.2d 348, 352 (1st Dist. 1983) (4 ½-month delay unreasonable); Ill. Valley Minerals Corp. v. Royal–Globe Ins. Co., 70 Ill.App.3d 296, 300–01 (3d Dist. 1979) (6-month delay unreasonable).  Accordingly, the Court finds that the lack of diligence on Rushiti's part weighs in favor of State Auto.

### v. The lack of prejudice to State Auto weighs in favor of Defendants.

The parties, lastly, do not dispute that the lack of prejudice to the insurer weighs against State Auto. State Auto concedes that it has not suffered prejudice. Pl.'s Mem. p. 12. Indeed, as Defendants point out, State Auto has so far been a participant in every stage of litigation in the Underlying Action subject to a reservation of rights. Def.'s Resp. p. 9–10. Therefore, this factor weighs in favor of Defendants.

### IV. CONCLUSION

When viewed together, the Yorkville factors weigh in State Auto's favor. 238 Ill.2d at 185. In the absence of a reasonable justification for the 9-month delay in providing State Auto notice of the Underlying Action against Rushiti, the Court concludes that such delay was unreasonable as a matter of law. Because the Court reaches this conclusion, it need not and does not reach the merits of State Auto's other claims in Counts I and III. State Auto is excused from what would otherwise be a duty to defend Rushiti in the Underlying Action. State Auto's Motion for Summary Judgment against the Nominal Defendants and Default Judgment against

Rushiti (d/e 13) is GRANTED.  The Clerk is directed to enter judgment in favor of State Auto as to Count II.  Counts I and III are dismissed as moot without prejudice.  All pending settings and deadlines are vacated.  This case is closed.

**IT IS SO ORDERED.**
**ENTERED: September 1, 2022.**
**FOR THE COURT**

                                            */s/ Sue E. Myerscough*
                                            **SUE E. MYERSCOUGH**
                                            **UNITED STATES DISTRICT JUDGE**